## ELLA B. CHAMBERS *vs.* FLOYD H. CHAMBERS.

DIVORCE—APPREHENSION OF PHYSICAL INJURY WHICH ENDANGERS HEALTH
    MAY WARRANT DIVORCE.

While evidence of merely wounded mental feelings, unaccompanied with
bodily injury, is not sufficient to warrant divorce on the ground of extreme
cruelty, yet where the evidence showed that a wife was in continuous appre-
hension of grievous bodily injury, and that this condition was such as to
endanger health and render cohabitation unsafe, a divorce may be granted.

(*March* 23, 1920.)

BOYCE, J., sitting.
*J. Frank Ball* for plaintiff.
*David. J. Reinhardt* for defendant.
Superior Court for New Castle County, March Term, 1920.

DIVORCE, No. 59, March Term, 1920.

Action for divorce by Ella B. Chambers against Floyd H.
Chambers. Decree nisi granted.

This is an action of divorce on the ground of extreme cruelty.
The plaintiff and defendant were married on the twelfth day of
December, A. D. 1912, "and with the exception of a separation
of one year and two months, they lived and cohabited together
until the thirteenth day of May, A. D. 1919." The plaintiff in
her petition complains that her husband "in violation of his
marriage vows, did during the most of their married life indulge
in such vile, abusive and inhumane treatment, humiliating her
before the public, and otherwise illtreating her as to impair her
health and render her life miserable." And it is specifically
averred "that the defendant has been guilty of extreme cruelty such
as to endanger the health of your petitioner and to render co-
habitation unsafe."

The plaintiff testified at the trial that she separated from her
husband once before "on account of brutal treatment," but re-
turned to him in March, 1916, after much persuasion, having
been absent from him for about a year and two months. Witnesses
for the plaintiff, nearby neighbors, gave testimony to the effect
that the conduct and demeanor of the defendant towards his
wife were unreasonable and that he was almost continually very

abusive, cursing and swearing at her at home, in the homes of their neighbors, and publicly on the streets. The plaintiff testified that her husband "grabbed hold of me many times and said, if it was not for the law what he would do to me." Also, that on one occasion shortly before she left him, he "caught hold of me and had my arms back of me." A next-door neighbor testified that she came in and he had his wife, in the position testified to, "backed up in the corner of the room." It was testified by the plaintiff and several of her neighbors that the conduct of the defendant towards her was clearly such as to affect her health and that before separating from her husband she had become very nervous. She also testified that—

"Just before I left him I said: 'I cannot endure your life any longer.' He said: 'Whenever you don't like the way I do, get the hell out. Nobody is telling you to stay here. The sooner you leave me the better I will be off, but remember, ——— damn you, you will never come back.' "

The defendant appeared and opposed the action. He denied that he ever resorted to any physical violence against his wife. He did admit swearing at her many times and said that she was very extravagant; that whenever he talked to her about the use of money, "she flies up in the air." He admitted that his wife did sometimes faint when they had their disagreements and that at times he thought she would go crazy.

BOYCE, J.:—Evidence of merely wounded mental feelings, unaccompanied with bodily injury, either actual or menaced, has not been regarded as sufficient to warrant a divorce on the ground of extreme cruelty. *McClenahan v. McClenahan*, 2 *Boyce* 599, 80 *Atl.* 677, and *Elliott v. Elliott*, 5 *Boyce* 406, 93 *Atl.* 963. While the evidence in this case does not show acts of grievous bodily injury, it does show a reasonable and continuous apprehension of such injury and that this condition existed to such a degree as to endanger the health of the plaintiff and to render cohabitation unsafe.

It is the opinion of the court that this case is distinguished from the cases above cited. Let a decree nisi be granted.